**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-7502

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

RUSSELL D. LANDERS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:96-cr-00034-BR-4)

Submitted:  March 3, 2015              Decided:  March 24, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Russell D. Landers, Appellant Pro Se.  Stephen Aubrey West,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell D. Landers seeks to appeal his conviction and sentence entered in 1997. When Landers' judgment of conviction was entered on the docket, the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).[1] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on September 3, 1997. Landers filed his notice of appeal, titled "notice of appeal by and through 18 U.S.C. § 3742," at the earliest, October 5, 2014.[2] Because Landers failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal

---

[1] On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Landers' notice of appeal is untimely under either period.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

as untimely.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

DISMISSED

---

[3] Even if Landers intended to appeal the district court's denial of his motion to reverse the conviction, his notice of appeal would still be untimely.